862 F.2d 322
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
AMERICAN PARKING METER ADVERTISING, INC., Plaintiff-Appellee,
v.
VISUAL MEDIA, INC., Warren Lincoln Bouve, Michael Haughey
and Elizabeth F. Neer, Defendants-Appellants.
 No. 88-1248.
 United States Court of Appeals, Federal Circuit.
 Oct. 25, 1988.
 
 Before MARKEY, Chief Judge, RICH and BISSELL, Circuit Judges.
 RICH, Circuit Judge.
 
 DECISION
 
 1
 Defendants Visual Media, Inc., et al. (VMI), appeal from an order of the District Court for the District of Massachusetts in Civil Action No. 87-2010 Mc preliminarily enjoining them from "manufacturing, selling, franchising, leasing and/or offering to install either for profit, or for test marketing," their parking meter advertising device known as the "Meter Hat II." We affirm.
 
 OPINION
 
 2
 The last time this case was here we affirmed the grant of a preliminary injunction as to VMI's "Meter Hat" product. This time we must decide whether the district court abused its discretion in extending the injunction to cover VMI's modified product, Meter Hat II.
 
 
 3
 The dispute focuses on whether American Parking Meter Advertising, Inc. (APMA), made the requisite showing of likelihood of success on the question of infringement. The district judge obviously thought so, because he held that Meter Hat II fell within the scope of the original injunctive order. We will change that result only if VMI convinces us that the court based its ruling on clearly erroneous findings of fact or a misapplication or misinterpretation of applicable law, or that the ruling evidences a clear error of judgment on the part of the district judge. PPG Industries Inc. v. Celanese Polymer Specialities Co., 840 F.2d 1565, 1572, 6 USPQ2d 1010, 1016 (Fed.Cir.1988) (Bissell, J., concurring).
 
 
 4
 VMI has not carried its burden on appeal. We are not persuaded that the district court erred as a matter of law when it construed the claims of the '325 patent. The phrase in the claims, "whereby said attachment may be substituted for the meter housing cover on a retrofit basis without altering the meter structure," construed in view of the specification and the prosecution history, need not necessarily exclude from the scope of the claims a Duncan parking meter with an attachment held by fasteners run through additional holes drilled in what the parties refer to as the "Duncan flange." We do not finally decide this issue--we merely hold that the district court did not err in concluding that APMA has shown a reasonable likelihood of success at trial on the issue of claim construction. So construed, the court's determination that APMA has a reasonable likelihood of proving infringement of the claims by Meter Hat II is not clearly erroneous or a clear error of judgment. VMI's argument that the court applied the wrong legal standard because the court referred to Meter Hat and Meter Hat II as "equivalents" is unpersuasive because the court clearly understood that the inquiry it was undertaking was whether Meter Hat II "come[s] within a reading of American Parking Meter Advertising's patent."